**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: March 27 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-34137 |
| | ) | |
| Robin L. Horvath, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER RE COUNSEL'S MOTION TO WITHDRAW

The court held a hearing on March 27, 2015, on Debtor's lawyers' Motion to Withdraw as Counsel [Doc. # 142]. The hearing was held in conjunction with a hearing on the Chapter 7 Trustee's separate Motion for Order Directing Debtor to Appear for Examination [Doc. # 135], to which the requested withdrawal was interposed as a ground for objection by Debtor. Among others, Debtor and an Attorney for Debtor appeared in person at the hearing.

This court has two local rules relevant to withdrawal of counsel. Local Bankruptcy Rule 2090-2a specifies that attorneys admitted to practice in this court rule are bound by the ethical standards of the Ohio Rules of Professional Conduct. Local Bankruptcy Rule 2091-1 governs attorney withdrawals from matters in this court.

Rule 1.16 of the Ohio Rules of Professional Conduct governs a lawyer's termination of representation of a client. Under division (b) of that rule, grounds for permissive withdrawal include that "withdrawal can be accomplished without material adverse effect on the interest of the client," that "the client insists upon taking action...with which the lawyer has a fundamental disagreement" and "other good

cause." Ohio Rules of Prof. Conduct 1.16(b)(1), (4) and (9). At the hearing, counsel and Debtor agreed that their respective opinions as to the ultimate objectives of this case and the representation, and the strategy and tactics for achieving those objectives, have diverged fundamentally. This divergence is illustrated, indeed emphasized to the court, by the fact and process of an affidavit Debtor signed at the request of and that was filed in this case by creditors. [Doc. # 125, pp. 16-20/24]. Debtor stated that he did not object to the Motion and agreed that he and counsel were not "on the same page" now. The court therefore finds that counsel has stated grounds for permissive withdrawal under Rule 1.16(b)(4) and (9) of the Ohio Rules of Professional Conduct.

Notwithstanding that grounds for permissive withdrawal are present, Rule 1.16(c) clarifies that withdrawal cannot be accomplished in a proceeding before a tribunal, defined to include a court, Ohio Rules of Prof. Conduct 1.0 (o), without the permission of the tribunal if required by its rules. Local Bankruptcy Rule 2091-1 does require court permission for withdrawal, specifying that withdrawal of an attorney of record in this court be permitted only through a motion showing good cause and "upon such terms as the court shall impose."

That is where the Trustee's Motion for Order Directing Debtor to Appear for Examination enters into the picture. The Trustee has filed her motion asking the court to require Debtor to appear for examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure to occur on March 31, 2015. While she has some limited flexibility as to its timing within a window of 10 days or so, the Trustee is entitled to conduct the requested examination and Debtor is obligated to appear for it. Moreover, the need for the examination, which arises largely out of an Amended Schedule B filed by Debtor on February 10, 2015, is time sensitive. Among other concerns is the impending deadline for consideration of revocation of Debtor's discharge. *See* 11 U.S.C. § 727(e).

In the court's view, however, counsel's withdrawal in advance of that examination given its time sensitivity cannot be accomplished without material adverse effect on Debtor's interests. In short, the court believes that Debtor would be best served with representation by a lawyer at the upcoming Rule 2004 examination. The nature of the divergence of opinions between Debtor and counsel as to what should happen and how in the future in his case is not such that she cannot still represent Debtor effectively and properly at the targeted and very immediate Rule 2004 examination. If the Amended Schedule B information had been on Debtor's original Schedule B, this is precisely the type of inquiry that would have occurred or at least been initiated at the meeting of creditors.

Notwithstanding the court's view, Debtor is free to choose otherwise and proceed without the

benefit of counsel at the Rule 2004 examination, or to engage substitute counsel. But if he does, as the court made clear at the hearing, any new lawyer must be fully prepared to represent him at the Rule 2004 examination as now set for April 10, 2015. Substitution of counsel will not be a basis for any continuance or cancellation of the examination.

The court will therefore condition counsel's withdrawal as permitted by Local Bankruptcy Rule 2091-1a. If Debtor chooses to have her/them do so, counsel must continue their representation of Debtor in this case through the conclusion of the Rule 2004 examination that will be set by separate order of the court for April 10, 2015. *See* L.B.R. 2091-1c (Limitations on Substitution and Withdrawal of Attorney). But, again, the court will not entertain any request for adjournment of the Trustee's Rule 2004 examination to effect a change in Debtor's counsel if he chooses not to have her/them represent him at that proceeding.

For good cause shown,

**IT IS ORDERED** that the Motion to Withdraw as Counsel [Doc. # 142] filed by Jennifer L. Fogle and Ty S. Mahaffey is **GRANTED**, provided, however, in the absence of Debtor's earlier termination of their representation at his sole direction, their withdrawal from and termination of their representation of Debtor in this case may not occur and shall not be effective until the conclusion of the Rule 2004 examination of Debtor set for April 10, 2015; and

**IT IS FURTHER ORDERED** that on and after the effective date of counsel's withdrawal and termination of representation of Debtor as permitted by this order, Debtor will be considered by the court to be representing himself as to all matters herein in the absence of an entry of appearance by or substitution of new counsel representing him.

# # #