The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



_Mary Ann Whipple_
United States Bankruptcy Judge

Dated: March 13 2017

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-34137 |
| | ) | |
| Robin L. Horvath, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER GRANTING MOTION TO EMPLOY ATTORNEY

The matter before the court in this case is the Chapter 7 Trustee's ("Trustee") motion to employ attorney Patricia B. Fugee ("Fugee") and the lawyers with whom she is regularly associated at the firm of FisherBroyles, LLP ("Motion to Employ"), [Doc. # 235], and the objection filed by creditors Thomas A. Matuszak LLC, Ballenger & Moore Co. LPA and Matuszak & Koder Ltd. ("Objecting Creditors"), [Doc. # 240]. Objecting Creditors argue that Fugee and the law firm are not disinterested and have a disqualifying conflict of interest arising from their representation of another estate creditor, Fifth Third Bank ("Fifth Third"), in unrelated matters.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings involving a trustee's employment of professionals are core proceedings at the heart of administration of the bankruptcy estate that the court may hear and determine under 28 U.S.C. § 157(b)(1)

and (b)(2)(A).

## BACKGROUND

The court had previously approved Fugee and the lawyers with whom she was formerly associated at the firm of Roetzel & Andress as counsel for the Trustee, effective February 7, 2014. [Doc. # 39]. Notwithstanding Fugee's ongoing representation for the past two and a half years, because she left Roetzel & Andress and is now associated with the firm FisherBroyles, LLP ("FisherBroyles") effective March 1, 2016, the Trustee filed the renewed Motion to Employ. The court held a preliminary status hearing to determine whether an evidentiary hearing was necessary as was initially requested by Objecting Creditors. Thereafter, as discussed at the hearing, Objecting Creditors filed documents they believe support their objection, [Doc. # 252], and Fugee filed a Supplemental Affidavit, [Doc. # 251].

The court then held a further status hearing. At that hearing, and because Roetzel & Andress had not yet filed a fee application in this case, counsel for Objecting Creditors suggested that Fugee's disclosure of her billable hours in this case may moot their objection. The Motion to Employ was continued to further order of the court pending the filing of a fee application by Roetzel & Andress. The First and Final Application of Roetzel & Andress for Compensation and Reimbursement of Expenses ("Fee Application") was filed on May 5, 2016.

The Fee Application did not cause Objecting Creditors to withdraw their objection to the Motion to Employ as moot. Instead Objecting Creditors also objected to the Fee Application based, in part, on their argument that it should be denied in its entirety due to Fugee's and Roetzel & Andress' conflict of interest.

The court held a hearing on the Fee Application at which Debtor Robin Horvath, Fugee and counsel for Objecting Creditors each appeared in person and counsel for Roetzel & Andress, Fifth Third, and the United States Trustee ("UST") each appeared by telephone. At that hearing, the parties agreed that an evidentiary hearing was not necessary for the court to address the objection to the Fee Application and the objection to the Motion to Employ given the extensive proceedings in this case and related adversary proceedings as well as the record submitted in support of the parties' respective positions, of which the court may take judicial notice, and given the court's close involvement in those proceedings over approximately the past three years.

The court took the matters under advisement subject to the court's determination of the admissibility of a document proffered at the hearing by Objecting Creditors that Debtor had received from the Department of Justice after his request pursuant to the Freedom of Information Act and to which the UST objected.

According to Objecting Creditors, the proffered document would support their argument that the Fee Application and the Motion to Employ should both be denied due to the existence of a conflict of interest and, specifically, that it would show that creditor Fifth Third received preferential treatment by Fugee while employed by the Trustee.

The court granted any party in interest desiring to do so leave to file a memorandum in support of their position regarding the admissibility and relevance of the proffered documents. The UST, Roetzel & Andress and Fugee each timely filed a memorandum in support of their positions, arguing that the document containing certain email communications is not relevant to the issue before the court. No memorandum was filed by Objecting Creditors.

The court addressed the admissibility of the proffered document in its memorandum of decision regarding the Fee Application. The court found that the proffered document contains email communications primarily between the Trustee and counsel for the UST. It contains only one email communication between Fugee and counsel for the UST and one email from Fugee to the Trustee. After reviewing those email communications, the court found that none of the emails have any relevance to the issue for which they were proffered with the exception of the April 21, 2016, email from the Trustee to Fugee containing a discussion of an opinion regarding conflict of interest. Only that email will be admitted as evidence in this matter. None of the other emails, only one of which even mentions Fifth Third, make Objecting Creditors' allegation that Fifth Third received preferential treatment by Fugee more or less probable than it would be without the evidence and are thus inadmissible. *See* Fed. R. Evid. 401; Fed. R. Bankr. P. 9017.

Having reviewed the entire record of proceedings in this case and the adversary proceedings filed by the UST and by the Trustee, as well as the record submitted in support of the parties' respective positions, for the reasons that follow, the court will grant the Trustee's Motion to Employ.

## LAW AND ANALYSIS

A trustee's employment of professionals, including attorneys, is governed by § 327 of the Bankruptcy Code. 11 U.S.C. § 327. The Trustee seeks to employ Fugee and FisherBroyles specifically under § 327(a). *Cf.* 11 U.S.C. § 327(e). Under that section, a trustee may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a). The employed professional must meet both standards. *Michel v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 999 F.2d 969, 971 (6th Cir. 1993). "Together, the statutory requirements of disinterestedness

and no interest adverse to the estate 'serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities,'" *Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 836 (7th Cir.1998) (quoting *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir.1994)), and are an ongoing responsibility of the professional during the appointment on behalf of the bankruptcy estate, *In re Big River Elec. Corp.*, 355 F.3d 415, 433 (6th Cir. 2004); *In re Cleveland Trinidad Paving Co.*, 218 B.R. 385, 389 (Bankr. N.D. Ohio 1998); *see* 11 U.S.C. § 328(c)(reference to "at any time during such professional's employment").

The Bankruptcy Code defines "disinterested person" to mean a person that "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(C). While the Bankruptcy Code does not define "an interest adverse to the estate," an oft-cited and sensible definition is set forth in *In re Roberts*, 46 B.R. 815 (Bankr. D. Utah 1985), *rev'd in part on other grounds,* 75 B.R. 402 (D. Utah 1987):

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*Id.* at 827; *see In re Greystone Holdings, L.L.C.*, 305 B.R. 456, 461 (Bankr. N.D. Ohio 2003); *Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 623 (2d Cir.1999); *In re Crivello,* 134 F.3d at 835; *Electro–Wire Prods., Inc. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 361 (11th Cir.1994).

Objecting Creditors say that Fugee has a disqualifying conflict of interest due to the law firms' and her representation of Fifth Third in unrelated matters. Like them, Fifth Third is an unsecured creditor in this case, which commenced when Objecting Creditors filed an involuntary petition against Debtor to collect professional fees he owed them arising out of extensive ongoing state court business litigation.[1] The court has set forth the background of that litigation and its impact on this Chapter 7 case, and vice versa, several times, most recently as it pertains to Fugee and her status as counsel for the Trustee in its memorandum of

---

[1] Timely proofs of claim have been filed in the total amount of $1,739,983.13, including seven proofs of claim filed by Fifth Third as general unsecured claims in the total amount of approximately $782,125, plus attorney fees in an amount to be determined, proofs of claim filed by Objecting Creditors as general unsecured claims in the total approximate amount of $821,850, and a priority tax claim filed by the State of Ohio of approximately $86,704. Fifth Third's claims arise from Debtor's partial guarantee of certain corporate debt of a restaurant and food business generally known as Tony Packos.

4

decision addressing the Fee Application. Rather than recount that background again, the court incorporates that memorandum of decision by reference here. [Doc. # 279].

Fugee provided an affidavit that was submitted with the Trustee's Motion to Employ her and the attorneys with whom she is associated at FisherBroyles, as is required by Rule 2014 of the Federal Rules of Bankruptcy Procedure, [Doc. # 235, attached affidavit]. She disclosed in her affidavit that Fifth Third is a client of FisherBroyles in unrelated matters and that she has confirmed with the Trustee that in the event the Trustee has any basis to seek relief against Fifth Third, the Trustee would need to engage special counsel. [*Id.* at ¶¶ 7-8]; *see* 11 U.S.C. § 327(e). Similar disclosures were made in connection with her earlier appointment as counsel for the Trustee when associated with Roetzel & Andress. [Doc. # 32, attached affidavit]. Fugee states that a search of FisherBroyles' conflict records reflects no connection with Debtor. [Doc. # 235, ¶ 9]. In her Supplemental Affidavit she states that receipts from unrelated Fifth Third matters constituted well under one percent of FisherBroyles' annual revenues for each of 2014 and 2015 and that Roetzel & Andress' records for the same period reflect that receipts from Fifth Third in unrelated matters were similarly small relative to its annual revenues. [*Id.* at ¶¶ 4-5]. She further states that she personally did very little work for Fifth Third when associated with Roetzel & Andress, billing 4.5 hours in 2014 and 0.5 hours in 2015 for work in unrelated matters and billing no hours in 2016 for work on Fifth Third matters. [*Id.* at ¶ 3].

By its plain terms, § 327(a) would bar a professional from representing a trustee if that professional currently represents or had represented a creditor of the estate. *In re Hanckel*, 517 B.R. 609, 613 (Bankr. D.S.C. 2014). However, Congress created a carve out from § 327(a)'s general rule in subsection (c), which provides that "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor . . ., in which case the court shall disapprove such employment if there is an actual conflict of interest," 11 U.S.C. § 327(c); *In re Johnson*, 312 B.R. 810, 818-21 (E.D. Va. 2004). Objecting Creditors base their argument against the Motion to Employ on the statutory prohibition against employment of a professional who has an actual conflict in § 327(c)[2] and because they believe Fugee holds an interest adverse to the bankruptcy estate.

The Bankruptcy Code does not define "actual conflict of interest" and "[c]ourts have been accorded

---

[2] Objecting Creditors' objection incorrectly identifies the applicable statutory standard, which is correctly quoted, as § 327(b). [Doc. # 240, p. 3/5].

5

considerable latitude in using their judgment and discretion in determining whether an actual conflict exists in light of the particular facts of each case." *In re BH & P, Inc.*, 949 F.2d 1300, 1315 (3d Cir. 1991). Other courts have found that an actual conflict exists where there is "an active competition between two interests in which one interest can only be served at the expense of the other," *In re Midway Motor Sales, Inc.*, 355 B.R. 26, 33 (Bankr. N.D. Ohio 2006); *In re Hanckel*, 517 B.R. at 614; *In re Johnson*, 312 B.R. at 822, a straightforward, common sense formulation of the standard that makes sense to this court. Another circumstance logically said by other courts to show an actual conflict of interest is where the creditor is afforded a preference that is denied to the other creditors. *In re Hanckel*, 517 B.R. at 614. An actual conflict of interest is an "interest adverse to the estate" under §327(a). *See In re Marvel Entm't Grp., Inc.*, 140 F.3d 463, 476 (3d Cir. 1998).

Objecting Creditors advance several arguments in support of their position, including that, shortly after commencing this case, they tried to engage the services of Fugee to represent them, [Doc. # 252, Ex. 1], but that Fugee declined their request based upon an asserted conflict of interest due to her representation of Fifth Third. They also argue that an actual conflict is shown by the facts that (1) Fugee has entered into discussions and shared information with counsel for Fifth Third that she has not discussed or shared with counsel for Objecting Creditors, (2) Fugee asserted a common interest privilege in response to a motion to compel discovery of communications between her and counsel for Fifth Third filed by the Nancy Packo Horvath Estate and Nancy Packo Horvath Trust in an adversary proceeding commenced by the Trustee and in which Objecting Creditors are not parties, and (3) there are claims that could potentially be asserted by the bankruptcy estate against Fifth Third.

Each of these arguments are also raised in Objecting Creditors' objection to the Fee Application filed by Roetzel & Andress. And each of these arguments are addressed and rejected by the court in its above-referenced memorandum of decision entered on March 10, 2017, in ruling on the Fee Application. [Doc. # 279]. The court thus incorporates its factual findings and conflict of interest analysis set forth in that opinion in finding that Objecting Creditors' arguments against the Motion to Employ are without merit.

Finally, the court has also considered Fugee's statements in her supplemental affidavit regarding the very small percentage of FisherBroyles' annual revenues that are attributed to receipts from unrelated Fifth Third matters and the very minimal time she personally has billed for work on unrelated Fifth Third matters during the past approximately three years while associated with Roetzel & Andress. The court does not believe that either FisherBroyles' or Fugee's representation of Fifth Third in such unrelated matters have

resulted in a predisposition of bias against the bankruptcy estate. Having also considered Fugee's arguments and positions regarding the various issues that have arisen in this case and her efforts at resolving these issues, the court believes that she has acted in the best interests of the estate at each stage of the proceedings in the case.

Whether taken individually or collectively, the court finds no basis for a determination that FisherBroyles or Fugee is not disinterested or that either represents or holds an interest adverse to the estate due to an actual conflict of interest or otherwise.

**THEREFORE,** for all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Objecting Creditors' Objection is **OVERRULED**; and

**IT IS FURTHER ORDERED** that the Motion by Trustee to Employ Attorney [Doc. # 235] be, and hereby is, **GRANTED,** effective March 1, 2016.

###

7